**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - -X

In re:

MAHI PATURU,                                        Chapter 7

                                                    Case No. 18-18864 (CMG)

                    Debtors.
- - - - - - - - - - - - - - - - - - - - - - - - - -X

BUNCE D. ATKINSON,
CHAPTER 7 TRUSTEE,                                  Adv. Pro. No. 20-1465 (CMG)

                    Plaintiff,
v.

MAHI PATURU,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - -X

**OPINION**

**APPEARANCES:**

Travis Graga, Esq.
**THE KELLY FIRM**
Attorney for Plaintiff

Andy Winchell, Esq.
**LAW OFFICES OF ANDY WINCHELL, PC**
Attorney for Defendant

**CHRISTINE M. GRAVELLE, U.S.B.J.**

## **INTRODUCTION**

Bunce Atkinson, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of debtor, Mahi Paturu ("Debtor"), filed an adversary proceeding (the "Adversary Proceeding") against Debtor's non-debtor spouse, Sridevi Paturu ("Sridevi"), seeking to sell real property located at 23 Murphy Drive, Bridgewater, New Jersey (the "Property"). The Property is owned by Debtor and Sridevi as tenants by the entirety and is their marital residence. In response to the Adversary Proceeding, Debtor amended his bankruptcy exemptions to fully exempt his interest in the Property. The amended filing claimed both state and federal exemptions, which is impermissible under the Bankruptcy Code. However, Trustee did not formally object to the amended exemptions within the 30-day time period provided by Federal Rule of Bankruptcy Procedure 4003(b).

Sridevi filed a motion to dismiss the Adversary Proceeding, which is now before the Court (the "Motion to Dismiss"). The Motion to Dismiss relies on the amended exemptions. The Trustee's opposition is based, in part, upon the improper nature of the exemptions. The Court adjourned the hearing on the Motion to Dismiss at oral argument, allowing the Trustee time to file a formal challenge to the exemptions. He subsequently filed a motion for denial and modification of Debtor's exemptions, which is also now before the Court (the "Exemption Motion"). Debtor has objected, citing to United States Supreme Court precedent in Taylor v. Freeland & Kronz, 503 U.S. 638 (1992) ("Taylor"), which holds that a trustee may not contest the validity of an exemption after the period set forth in Fed. R. Bankr. P. 4003(b), even where there is no colorable basis for the claimed exemption. The Trustee distinguishes Taylor on its facts, as well as on the basis that the Supreme Court specifically noted in Taylor that it did not consider whether a bankruptcy court can utilize its equitable powers under 11 U.S.C. § 105(a) to disallow exemptions not claimed in good faith.

While this Court is reluctant to utilize its equitable powers under section 105(a), especially in light of the clear analysis in Taylor and the facts present in this case, due to the ambiguity of Debtor's schedules, and for the reasons set forth herein, it will GRANT the Exemption Motion. As the Motion to Dismiss is based upon the legal theory that the Property is fully exempt, that motion must be DENIED.

## JURISDICTION

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 23, 1984, as amended September 18, 2012, referring all bankruptcy cases to the bankruptcy court.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B), and (O).  Venue is proper in this Court pursuant to 28 U.S.C. § 1408 and 1409.  Pursuant to Fed. R. Bankr. P. 7052, the Court issues the following findings of fact and conclusions of law.

## FACTS

Debtor filed his Chapter 7 bankruptcy petition on April 30, 2018.  His schedules listed ownership of the Property as tenancy by the entirety.  The Property was listed with a total value of $523,000.00, of which Debtor claimed ownership of $261,500.00, or half of the value.  The schedules listed a secured claim against the Property totaling $390,227.31.  Debtor's schedules further listed ownership of personal property valued at $251,116.05.  The personal property was primarily comprised of financial assets, including bank accounts, retirement accounts, and insurance policies.

As required, Debtor filed his case information using the national bankruptcy forms. Especially relevant to this case are Official Forms 106A/B and 106C.  On Official Form 106A/B

("Schedule A/B"), Debtor answered "Yes" to question number 53 as to whether he had "other property of any kind [he] did not already list."  Debtor added nine paragraphs to his response apparently intending to cover any potential asset that could arise.  He also included cites to various circuit court decisions in his response.  Again, relevant to this decision, Debtor added the following:

> The debtor(s) elects all exemptions to which the debtor(s) is entitled under applicable state or federal law as of the date of the filing of the petition . . . The debtor(s) does not claim any exemption in any amount greater than permitted by the applicable exemption law. (emphasis added).

Official Form 106C ("Schedule C") requires a debtor to choose whether he claims, "state and federal nonbankruptcy exemptions" or "federal exemptions."  The form instructs the debtor to choose only one option.  Debtor's Schedule C explicitly stated that he was claiming federal exemptions.  As to the Property, he claimed an exemption of $23,675.00 under 11 U.S.C. § 522(d)(1), and $626.64 under 11 U.S.C. § 522(d)(5).  Debtor exempted substantially all of his unencumbered personal property under the various federal exemptions.

The Trustee was appointed May 1, 2018.  The meeting of creditors as required under 11 U.S.C. § 341 was held on May 30, 2018.  The docket reflects that the Trustee filed his First Meeting Minutes the next day.  The Trustee did not object to Debtor's objections within the 30-day period following the meeting of creditors.  An order discharging Debtor was entered on August 3, 2018.  On February 6, 2019 the Trustee filed a "Notice of Assets and Request for Notice to Creditors," in which he indicated estate assets which he valued at approximately $75,000.00.  Two proofs of claim were filed totaling $141,870.90, of which $138,350.74 was related to a business debt.

Two years later, the Trustee filed the Adversary Proceeding seeking to sell Sridevi's interest in the Property pursuant to 11 U.S.C. § 363(h).  As counsel for Debtor admits, he filed

amended Schedules A/B and C in the main case in response to the Adversary Proceeding. Debtor's amended Schedule A/B contained the same additional language referenced above that explained he was not claiming exemptions in an amount greater than allowed by applicable law. His amended Schedule C again indicated that he was claiming federal exemptions under section 522. But as to the Property, Debtor claimed an added exemption under 11 U.S.C. § 522(b)(3)(B), which section refers to a state exemption. He chose to value this added exemption by checking the box on Schedule C that states "100% of fair market value, up to any applicable statutory limit" (emphasis added). This did not replace, but was in addition to, the already-claimed federal exemptions under sections 522(d)(1) & (5), valued at $23,675.00 and $626.64, respectively. Further, Debtor continued to claim the federal exemptions for his personal property. Counsel for Debtor admitted that the claim of both state and federal exemptions in the filing was the result of inadvertence. He does not contest that the amended exemptions are legally improper.

Six days after the amended schedules were filed counsel for Debtor, who also represents Sridevi in the Adversary Proceeding, filed the Motion to Dismiss premised on the fact that the Property "is entirely free from the reach of the Debtor's creditors pursuant to New Jersey law and section 522(b)(3)(B)" (emphasis added). The Motion to Dismiss further noted that Debtor had "recently amended his schedules to clarify that the Property is exempt pursuant to section 522(b)(3)(B) in addition to the other provisions the Debtor already had listed" (emphasis added).[1]

The Trustee filed opposition to the Motion to Dismiss on October 12, 2020, 34 days after Debtor filed amended Schedule C, and 28 days after Sridevi filed the Motion to Dismiss. In the opposition, the Trustee notes that Debtor's amended filing claims both state and federal exemptions in violation of the Bankruptcy Code, stating that "it remains unclear which of the two

---

[1] Despite this statement in the Motion to Dismiss, counsel claims his client's choice of both federal and state exemptions was inadvertent. The Trustee has not challenged that claim.

exemptions the Debtor has elected."  The Exemption Motion was filed on November 12, 2020.

Debtor filed timely opposition.  Oral argument was held on December 8, 2020.

## **APPLICABLE LAW**

### a.  Exemptions Generally

11 U.S.C. § 522 controls exemptions in bankruptcy cases.   The statute allows an individual

debtor to exempt property "listed in either paragraph (2) or, in the alternative, paragraph (3) of this

subsection."  11 U.S.C. § 522(b)(1).

Paragraph (2) of the subsection allows for a debtor to choose exemptions afforded by

federal law.  Those exemptions are set forth in detail under 11 U.S.C. § 522(d).  As it relates to

real property, a debtor is entitled to exempt his or her "aggregate interest, not to exceed $23,675

in value, in real property or personal property that the debtor or a dependent of the debtor uses as

a residence . . ."  11 U.S.C. § 522(d)(1).  In addition, the debtor is provided with a "wild card"

exemption that can be utilized on "debtor's aggregate interest in any property, not to exceed in

value $1,250 plus up to $11,850 of any unused amount of the exemption provided under paragraph

(1) of this subsection."  11 U.S.C. § 522(d)(5).

Paragraph (3) of section 522(b) allows a debtor to utilize state and federal nonbankruptcy

exemptions (emphasis added).  Relevant to the present matter, under this section a debtor may

exempt "[a]ny interest in property in which the debtor had, immediately before the commencement

of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as

a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy

law."  11 U.S.C. § 522(b)(3)(B).

By the plain language of section 522(b)(1), a debtor must choose between utilizing federal or state exemptions.[2]  A debtor may not claim both.  *See* In re O'Lexa, 476 F.3d 177, 179 (3d Cir. 2007).  This concept is not in controversy herein, and is further supported by Schedule C, which concerns property which a debtor claims as exempt.  Part 1 of the form explicitly requires a debtor to state which set of exemptions he or she is claiming, giving the "check box" option of selecting either:  (1) state and federal nonbankruptcy exemptions under 11 U.S.C. § 522(b)(3); or (2) federal exemptions under 11 U.S.C. § 522(b)(2).  The form directs the debtor to "[c]heck one only."

To claim an exemption a debtor must "file a list of property that the debtor claims as exempt under subsection (b) of this section . . . Unless a party in interest objects, the property claimed as exempt on such list is exempt."  11 U.S.C. § 522(l).  There is no temporal requirement for filing an objection to an exemption contained in the Bankruptcy Code.  Such requirement is instead found in the Federal Rules of Bankruptcy Procedure, which provide that:

> [A] party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later.  The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.

Fed. R. Bankr. P. 4003(b)(1).  An objector is required to deliver or mail a copy of any objection "to the trustee, the debtor and the debtor's attorney, and the person filing the list and that person's attorney."  Fed. R. Bankr. P. 4003(b)(4).

There are two exceptions to the 30-day time limit contained in Subsection (b)(1).  First, if the claim of exemption was fraudulently asserted by the debtor, a trustee may file an objection at any time prior to one year after the closing of the case.  Fed. R. Bankr. P. 4003(b)(2).  Second, an

---

[2] Certain states have "opted out" of allowing a debtor to utilize federal exemptions, pursuant to 11 U.S.C. § 522(b)(2).  New Jersey is not an opt-out state.

objection to a claim of exemption based upon 11 U.S.C. § 522(q) may be filed before the closing of the case.  Fed. R. Bankr. P. 4003(b)(3).

While bankruptcy courts generally have the authority to enlarge the time for taking action under the bankruptcy rules, it may "enlarge the time for taking action under Rule[] . . .  4003(b) . . . only to the extent and under the conditions stated in [that] rule[]." Fed. R. Bankr. P. 9006(b)(3). Here, no request for an extension of time was made within the time required by Rule 4003(b)(1). Therefore, the Trustee here was required to deliver or mail a copy of any objection within the time required by the Rule.

   b.   Taylor v. Freeland & Kronz

In Taylor, the Supreme Court ruled on the tension between the competing considerations of finality inherent in the 30-day exemption objection deadline prescribed by the Federal Rules of Bankruptcy Procedure, and equity where innocent creditors are prejudiced by a debtor's claim of an exemption which has no statutory basis.  *See* 503 U.S. 638 (1992)

In Taylor, the debtor claimed an exemption in the potential proceeds from a discrimination lawsuit she had instituted against a former employer.  *See* id. at 640.  At the meeting of creditors, the Chapter 7 trustee questioned the debtor as to the value of the potential proceeds, and later followed up with correspondence to her attorneys requesting additional details regarding the lawsuit.  *See* id.  Despite the attorneys' optimism regarding the amount of a potential settlement or judgment, the trustee did not object to the claimed exemption, based upon his mistaken belief that the lawsuit had no value.  Id. at 640-41.  Only after debtor obtained a settlement in the lawsuit did the trustee demand turnover of the funds.  Id. at 641.  The parties agreed that the debtor did not have a right to exempt more than a small portion of the proceeds under either state or federal law. Id. at 642.

The Supreme Court considered whether a bankruptcy court may invalidate a claimed exemption after expiration of the 30-day period if the debtor did not have a good-faith or reasonably disputable basis for claiming it.  Justice Thomas, writing for a majority of the Court, adopted a strict reading of the Bankruptcy Code and Rules, finding that courts may not invalidate such an exemption:

> [The debtor] claimed the lawsuit proceeds as exempt on a list filed with the Bankruptcy Court. Section 522(l), to repeat, says that "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." Rule 4003(b) gives the trustee and creditors 30 days from the initial creditors' meeting to object. By negative implication, the Rule indicates that creditors may not object after 30 days "unless, within such period, further time is granted by the court." The Bankruptcy Court did not extend the 30–day period. Section 522(l) therefore has made the property exempt. [The trustee] cannot contest the exemption at this time whether or not [the debtor] had a colorable statutory basis for claiming it.

Id. at 643-644.

c.  11 U.S.C. § 105(a)

Notably, because the trustee in Taylor raised the issue for the first time in his opening brief on appeal, the Supreme Court declined to consider whether a bankruptcy court's equitable powers under 11 U.S.C. § 105(a) permits the court to disallow exemptions not claimed in good faith.  *See* id. at 645.  Section 105(a) allows a bankruptcy court to:

> [I]ssue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.  Ibid.

A court's power under section 105(a) is not without limits.  In exercising such power a court "may not contravene specific statutory provisions." Law v. Siegel, 571 U.S. 415, 421 (2014).

This is because it is "impossible" to carry out provisions of the Bankruptcy Code "by taking action that the Code prohibits." Id.  In Law v. Siegel, the bankruptcy court had utilized section 105(a) to surcharge the debtor's exemption to defray the trustee's attorney's fees incurred in overcoming the debtor's fraudulent misrepresentations.  The Supreme Court held that "[t]he Bankruptcy Court thus violated § 522's express terms when it ordered that the $75,000 protected by Law's homestead exemption be made available to pay Siegel's attorney's fees, an administrative expense. In doing so, the court exceeded the limits of its authority under § 105(a) and its inherent powers." Id. at 422-23.

The decision noted the Bankruptcy Appellate Panel's finding that because no one timely opposed the debtor's exemptions they became final before the court imposed the surcharge, citing to the Taylor decision for the proposition that such failure to timely object precluded a challenge. Id. at 423.  The Court went on to determine that even if the bankruptcy court could revisit the exemption, it could not "refuse to honor the exemption without a valid statutory basis for doing so." Id. at 424.

## APPLICATION OF LAW TO FACTS

I.     Exemption Motion

Debtor urges this Court to adopt the strict reading of the Bankruptcy Code and Rules as set forth in Taylor regarding exemptions.  Because no objection to the amended exemptions was filed within the 30-day period set forth in Fed. R. Bankr. P. 4003(b)(1), by the plain language of section 522(l) the Property became exempt.  It is his position that no further analysis is necessary.  The Trustee submits that the relief sought is appropriate based upon three (3) grounds:  (1) that the present matter is factually distinguishable from Taylor; (2) that relief may be granted pursuant to

the Court's equitable powers under section 105(a); and (3) that timely opposition to the Motion to Dismiss constituted a timely objection to the amended exemptions.  In addition to the grounds set forth by the Trustee, this Court considers the ambiguity of the amended exemptions.

      a.  <u>Taylor v. Freeland & Kronz</u>

The Trustee distinguishes <u>Taylor</u> on the basis that he had been actively pursuing the Property when Debtor filed amended Schedule C.  The Adversary Proceeding sought to sell the Property.  The amended exemption filed by Debtor is, in essence, a means of defense against the Adversary Proceeding.  The Trustee contrasts this with the trustee in <u>Taylor</u>, who affirmatively chose <u>not</u> to pursue the improperly exempted asset following an investigation, only seeking to do so after its value was realized.

This argument is unpersuasive.  The different facts do nothing to address the strict reading of the Bankruptcy Code and Rules set forth in <u>Taylor</u>.  The reason for filing amended Schedule C has no relevance outside of possible equitable consideration.  Regardless of what actions the Trustee had taken in the bankruptcy case that may have led to the filing of the amended exemptions, the simple fact is that the amended exemptions were filed and were not challenged within the 30-day period.  Under <u>Taylor</u>, pursuant to section 522(l) the Property then would become exempt.

      b.  <u>11 U.S.C. § 105(a)</u>

The Trustee further notes that the <u>Taylor</u> decision left open the question of whether a bankruptcy court can utilize section 105(a) to disallow an improper exemption absent a timely objection.  *See* <u>Taylor</u>, 503 U.S. at 645.  He submits that such usage is both allowable and appropriate under the present facts.  The Bankruptcy Code does not allow for both state and federal

exemptions.  It seeks to utilize non-exempt assets to provide distributions to creditors.  Allowing

a debtor to retain an otherwise non-exempt asset at the expense of innocent creditors is inequitable.

Therefore, the Trustee argues the use of section 105(a) is necessary in this case as it advances the

goals and purposes of the Bankruptcy Code.

But the Property became exempt pursuant to section 522(l).  The question for this Court is

whether "undoing" the exemption would be contravening a specific statutory provision which, as

articulated in Law v. Siegel, is not allowable.

The language of section 522(l) states that property claimed as exempt becomes exempt

"[u]nless a party in interest objects."  It does not contain any requirements for the timing or method

of objection.  The Federal Rules of Bankruptcy Procedure establish the timing and method.  Thus,

the concept that an exemption becomes "final" after 30 days is not developed solely through

statute.  Indeed, the Bankruptcy Rules themselves provide for challenges to exemptions after 30

days through Fed. R. Bankr. P. 4003(b)(2) and (3).  Therefore, arguably, utilizing section 105(a)

would not contravene the specific statutory provision set forth in section 522(l).

But the underlying Bankruptcy Rules which inform section 522(l) are explicit.  Fed. R.

Bankr. P. 4003(b)(1) leaves no room for interpretation.  It clearly states that an objection to an

exemption must be filed within 30 days after the amendment.  The Court may issue an extension

only if such a request is presented before the time to object expires.  This rule is further buttressed

by Fed. R. Bankr. P. 9006(b)(3), which allows a court to extend time to object only to the extent

and subject to the conditions stated in 4003(b).  The Third Circuit considered the interplay between

section 522(l) and Fed. R. Bankr. P. 4003(b) when the Taylor case was before it, finding:

> Our task is "to interpret the rules neither liberally nor stingily, but only, as
> best we can, according to their apparent intent. Where that intent is to
> provide leeway, a permissive construction is the right one; where it is to be

strict, a permissive construction is wrong." As we have explained earlier, the text of section 522(l) and Rule 4003(b) could not be much clearer in stating without exception that property claimed as exempt by the debtor is exempt unless a timely objection is filed with the court by a party in interest. That all but resolves this case, for the general rule of statutory interpretation is that where "the terms of a statute [are] unambiguous, judicial inquiry is complete except in rare and exceptional circumstances." Such circumstances are present only in the "rare" case where "the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters,"… in other words, a result "so bizarre that Congress 'could not have intended' it." …

…The literal interpretation of section 522(l) and Rule 4003(b) produces a result—not allowing a party in interest to object to a debtor's claimed exemptions after the time period for doing so has elapsed—that is not "demonstrably at odds with the intentions of the drafters." The text of the statute and rule, the legislative history, and a comparison of the present statute and rule with the statute and rule previously in effect all indicate that Congress intended a strict rule: a party in interest must file a timely objection, or the property claimed as exempt by the debtor is exempt.

Taylor v. Freeland & Kronz, 938 F.2d 420, 424-425 (3d Cir. 1991), *aff'd* 503 U.S. 638 (1992) (citations omitted).  The Third Circuit, like the Supreme Court, did not consider whether a bankruptcy court could utilize its section 105(a) equitable powers.  But it is difficult, if not impossible, to reconcile the Third Circuit's reasoning that section 522(l) is clear and unambiguous with the application of section 105(a) equitable powers, due to the limitation that those powers may not be used to contravene a statute.

Further, the Court notes that there is always an equitable argument in favor of disallowing an improper exemption which has passed through the bankruptcy without objection.  The effect of the exemption is to take an asset away from innocent creditors, who are deprived of their distribution.  Conversely the debtor, who is seeking a "fresh start," instead is given a "leg up" by retaining an asset in which he or she is not statutorily entitled to.  However, that alone cannot be the reason for applying a court's equitable powers, or Fed. R. Bankr. P. 4003(b)(1) would have no effect.

Here, it is baffling that Debtor, who is represented by experienced bankruptcy counsel, could have inadvertently filed this incorrect exemption, particularly because the official form explicitly requires a debtor to choose between state and federal exemptions.  Debtor's amended Schedule C stated that he was choosing federal exemptions.  Immediately underneath the election he took the federal exemptions on the Property.  Immediately underneath the federal exemptions he then also claimed the state exemption on the Property.  It is troubling that such a glaring error was missed, and that Debtor now seeks to benefit from the error.

But this does not excuse the Trustee.  The filing of the Adversary Proceeding as to the Property did not bar Debtor from taking any further action to protect the Property.  It is a fairly unremarkable occurrence for a debtor to attempt to amend exemptions in response to a motion or adversary proceeding filed by a trustee or creditor.  It was the duty of the trustee to review those exemptions, and to timely object.  For these reasons the Court, to the extent it may utilize its equitable powers under section 105(a), declines to do so.

### c.  Timeliness of Opposition to Exemptions

The Trustee posits that his timely opposition to the Motion to Dismiss constitutes a timely objection to the exemptions because the two issues are "inextricably intertwined."  There is some caselaw in support of this proposition.  The Ninth Circuit has held that an adversary proceeding seeking to avoid a fraudulent transfer put the debtor on notice that the trustee objected to the debtor's exemption.  *See* In re Lee, 889 F.3d 639 (9th Cir. 2018).

In Lee the debtor transferred his interests in two properties to himself and his wife as tenants by the entirety.  Id. at 642.  He subsequently filed a bankruptcy in which he claimed state law exemptions for his tenancy by the entirety interests in both properties.  Id. at 643.  At the meeting of creditors the trustee questioned the transfer, and suggested that he was probably looking

at a fraudulent transfer case.  Id.  Within 30 days of the meeting of creditors, the trustee filed an adversary proceeding seeking to set aside the transfers.  Id.  The adversary proceeding did not cite to the exemption statute, nor did it ask the court to deny the exemption.  Id.  The trustee successfully avoided the transfers after trial.  When he sought to turnover the properties, the debtor objected on the basis that he had claimed exemptions in both properties and that the trustee had failed to timely object.  Id. at 643-44.

The Ninth Circuit found the adversary proceeding to be inextricably intertwined with the exemption.  The debtor could only claim the state law exemption due to the transfer which the trustee was seeking to avoid.  Without avoiding the transfer, the trustee had no legal basis to object to the exemptions.  Id. at 644-45.  The Ninth Circuit stated that Fed. R. Bankr. P. 4003(b) proscribes no particular form for an objection to an exemption and is intended to provide the debtor with notice that a party objects to a claimed exemption.  Id. at 644.  Because the trustee in Lee complied with all of the procedural requirements in Fed. R. Bankr. P. 4003, it constituted a proper objection.  Id. at 645.

The Lee Court noted its agreement with "the many other bankruptcy courts and bankruptcy appellate panels that have recognized that 'actions taken by a creditor or trustee' may constitute 'objections under 4003(b),' even though no pleading styled 'objection to exemption' was filed." Id. at 645-46, citing In re Grosslight, 757 F.2d 773, 777 (6th Cir. 1985) (adversary proceeding filed within time period for Rule 4003 objections constituted objection to exemptions); In re Wharton, 563 B.R. 289, 296 (9th Cir. B.A.P. 2017) (trustee satisfied Rule 4003(b) by "set[ting] forth the basis for his objection" in brief supporting turnover motion); In re Spenler, 212 B.R. 623 (9th Cir. B.A.P. 1997); In re Breen, 123 B.R. 357, 360 (9th Cir. B.A.P. 1991) (motion seeking relief from

stay qualified as objection under Rule 4003(b) where it "in essence objected to the debtors' claim that [a vehicle could] be exempted as a tool of the trade").

There are obvious distinctions between <u>Lee</u> and this case.  This Adversary Proceeding did not constitute an objection to the exemptions, because at the time that the Adversary Proceeding was filed, the exemptions in question had not yet been claimed.  Debtor had not amended Schedule C.  Instead, the Trustee is taking the position that his response to the Motion to Dismiss constituted his objection to the exemption.  Because the Motion to Dismiss is based upon the amended exemptions, and because his objection places Debtor on notice of his belief that the exemption is improper, the Trustee submits that this makes the exemption timely.

The Trustee's theory fails.  His objection to the Motion to Dismiss was not timely filed in accordance with the rules governing objections to exemptions.  Debtor filed his amended exemptions on September 8, 2020.  The Trustee filed his objection to the Motion to Dismiss over 30 days later, on October 12, 2020.  Under the plain language of Fed. R. Bankr. P. 4003(b)(1), the 30-day time period for filing an objection to an exemption runs from the date of the amendment. The Trustee failed to file any kind of challenge to amended Schedule in either the main bankruptcy or the Adversary Proceeding within 30 days of the amended exemptions.  The fact that Sridevi filed the Motion to Dismiss based on the amended exemptions shortly after Debtor filed them did not serve to toll the 30-day objection period.  There is no authority for utilizing any date other than the date amended Schedule C was filed.

This is supported by <u>Lee</u> and its cited caselaw.  Those cases make clear that to be considered as an objection, a filing must procedurally comply with the rules.  Here, not only was the objection to the Motion to Dismiss not filed within 30 days of the amended exemptions, but there is no indication that the objection was delivered or mailed to the debtor, as required by Fed.

R. Bankr. P. 4003(b)(4).  For these reasons, the objection to the Motion to Dismiss cannot be considered a timely objection to the amended exemptions.

### d.  Ambiguity of Schedules

It is not in question that the Exemption Motion was not filed within 30 days of the filing of the amended exemptions.  But the amended exemptions were, charitably, ambiguous.  It is difficult to ascertain how the Property was being exempted or in what amount in reviewing the filing.  Debtor made an affirmative and explicit declaration that he was claiming federal bankruptcy exemptions under section 522(b)(2).  By implication this confirmed that he was <u>not</u> claiming state exemptions under section 522(b)(3).  He certified under penalty of perjury that the schedules were true and correct.  The Trustee had the right to rely on the representation that Debtor was claiming federal exemptions.

Immediately underneath his election, Debtor listed the Property with both federal and state exemptions.  This was in direct conflict with his declaration.  Additionally, to the extent that Debtor was utilizing the state exemption on the Property, that exemption was sufficient to fully exempt the Property, making the federal exemptions superfluous, and further increasing the confusion.

The manner by which Debtor sought to utilize the state exemption led to even more ambiguity.  He did not list a sum certain for the exemption, but rather checked the box on Schedule C that valued the exemption as "100% of fair market value, up to <u>any</u> applicable statutory limit," (emphasis added).  He cited to section 522(b)(3)(B) as the law allowing the exemption.  That section, in implicating New Jersey law, allows a party to fully exempt an interest held as a tenant by the entirety.  However, as Schedule C explicitly states, the exemption is only valid up to <u>any</u> statutory limit.  Section 522(b)(1) statutorily requires a debtor to choose exemptions under either

section 522(b)(2) or (b)(3), as does Schedule C. When Debtor chose to take his exemptions under section 522(b)(2), he then was statutorily limited from claiming <u>any</u> exemption under section 522(b)(3), thus the exemption would only be valid up to $0.00.

Adding to the ambiguity, Debtor's Schedule A, as originally filed and as filed with the amended exemptions, states that "the debtor(s) does not claim any exemption in any amount greater than permitted by the applicable exemption law." Applicable exemption law, specifically section 522(b)(1) does <u>not</u> permit both federal and state exemptions, and therefore Debtor's filing amended Schedule C contravened yet another of his sworn statements.

This is relevant, because the sum of these issues is the legitimate question of whether the improper state exemption can be considered anything more than a legal nullity. At a minimum the exemption is ambiguous. A court in this district has analyzed the effect of such a filing, finding that:

> Courts have consistently held that ambiguities in a debtor's schedules will be construed against the debtor. *See, e.g.,* <u>In re Hyman</u>, 123 B.R. 342 (Bankr. 9th Cir.1991), *aff'd*, 967 F.2d 1316, 1319 n. 6 (9th Cir.1992) (since any ambiguities in schedules are construed against debtor, debtor's exemption limited to amount stated by debtor as exempt value rather than full value of homestead); <u>Addison v. Reavis</u>, 158 B.R. 53, 59 (E.D.Va.1993) (same, except debtors' exemptions for interests in partnership were limited to value debtors listed), *aff'd without op. sub. nom.*, <u>Ansslie v. Grablowsky</u>, 32 F.3d 562 (4th Cir.1994), *reported in full*, 1994 WL 410995, 1994 U.S.App. LEXIS 20701 (4th Cir.1994).

<u>Matter of Schwartz</u>, 185 B.R. 479, 483 (Bankr. D.N.J. 1995). In <u>Schwartz</u> the debtor failed to indicate whether he was claiming state or federal exemptions. In addition, he failed to list the specific law under which he was claiming an exemption in an IRA. <u>Id</u>. The court found the <u>Taylor</u> case to be distinguishable due to the ambiguities in the schedules. <u>Id</u>. Here, for the reasons stated, this Court similarly finds the amended schedules to be ambiguous. In construing the ambiguities

against Debtor, because he claimed federal exemptions, the statutory limit for the state exemption under section 522(b)(3)(B) is $0.00.

Because of this ambiguity, the Trustee had no obligation to object to the amended schedules until the ambiguity was clarified.  It was not until oral argument on the original return date of the motion that counsel for Debtor sufficiently clarified that he was seeking to fully exempt the Property using both state and federal exemptions.  The Trustee filed his formal objection to the amended exemptions within 30 days of the oral argument.

Schwartz provides that the 30-day objection period does not run until the ambiguities contained in the schedules are clarified.  Id. at 483-84, *citing* In re Zimmer, 154 B.R. 705, 709 (Bankr. S.D. Ohio 1993).  Where the trustee is put on notice of the precise nature of the claim of exemption, the 30-day period may begin to run.  Schwartz, 185 B.R. at 484; In re Zimmer, 154 B.R. at 709.  Here, the Court finds that the clarification occurred at the original oral argument on the Motion to Dismiss, which occurred on October 20, 2020.  Trustee filed the Exemption Motion on November 12, 2020, which was within the 30-day period.  It is on this basis that the present matter may be distinguished from Taylor.

While Taylor may generally stand for the proposition that the 30-day objection period under section 522(l) and Rule 4002(b)(1) must be applied strictly, it would be illogical to require a party in interest to object where an ambiguity is not readily apparent.  In this case, Debtor claimed federal and state exemptions using language that limited the state exemption to applicable statutory limits, which here could be interpreted as zero.  A trustee may not be aware that he or she is construing an exemption differently than the debtor, and may not believe that there is any reason to object.  If the debtor clarifies the exemption through a means other than a formal amendment, like Debtor in this case did at oral argument on the Motion to Dismiss, the trustee or other party in

interest cannot reasonably be precluded from objecting.  Such fealty to a strict reading of the Bankruptcy Rules would be a true absurdity.  For these reasons the Exemption Motion is GRANTED.

      II.    <u>Motion to Dismiss</u>

          a.    <u>Legal Standard</u>

To survive a motion to dismiss brought under Rule (12)(b)(6) a complaint must contain enough factual matter to suggest the required cause of action.  *See* <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008).  There is no requirement that the court find a likelihood of success at the pleading stage, "but instead [must find] enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element" for recovery.  <u>Id</u>.  When reviewing a motion to dismiss brought pursuant to Rule 12(b)(6), the court evaluates the merits of the claims by accepting all allegations in the complaint as true, viewing them in the light most favorable to the plaintiffs, and determining whether they state a claim as a matter of law.  <u>Gould Elecs., Inc. v. United States</u>, 220 F.3d 169, 178 (3d Cir. 2000).  The defendant bears the burden of showing no claim has been stated.  <u>Id</u>.

A plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations omitted).  In its consideration of a motion to dismiss, the court must accept all of plaintiff's allegations as true, even if the court doubts their accuracy.  *See* <u>id</u>. at 556, *citing*, <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 508, n. 1, (2002); <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations");

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (well-pleaded complaint may proceed even if recovery unlikely).

      b.  <u>Application to the Present Matter</u>

Sridevi's position is that the Adversary Proceeding fails to state a claim, because New Jersey law pursuant to N.J. Stat. Ann. 46:3-17.4 precludes the partition and forced sale of property owned as tenants by the entirety.  *See* <u>Jimenez v. Jimenez</u>, 454 N.J. Super. 432, 438 (N.J. App. Div. 2018).  Because Trustee cannot sell the Property under state law, Sridevi submits that the Adversary Proceeding fails.

But, Article VI, paragraph 2 of the United States Constitution, more commonly referred to as the Supremacy Clause, provides that federal law preempts conflicting state law.  Thus 11 U.S.C. § 363(h), which allows for the sale of the Property, controls over N.J. Stat. Ann. 46:3-17.4.  The counter to the Supremacy Clause offered by Sridevi is based upon the fact that the Property is fully exempt under federal law.

As discussed in this decision, the Property is not fully exempt under federal law because the exemptions were ambiguous.  This finding is fatal to the Motion to Dismiss.  Trustee has stated a claim, and the Adversary Proceeding may continue.  The Motion to Dismiss is DENIED.

## **<u>CONCLUSION</u>**

For the reasons set forth above, because the amended exemptions are ambiguous, this case is distinguishable from <u>Taylor</u>, and the exemption on the Property under section 522(b)(3)(B) must be disallowed.  In the alternative, even if this Court has misapplied the holding of <u>Taylor</u>, and the exemption claimed pursuant to section 522(b)(3)(B) is allowed, the ambiguities of the schedules

must be construed against Debtor and the Court finds that the value of the exemption is $0.00. Such a finding precludes dismissal of the Adversary Proceeding.  The Exemption Motion is GRANTED.  The Motion to Dismiss is DENIED.

Counsel for Trustee will submit a proposed form of order.

Dated:  January 14, 2021                                    /s/Christine M. Gravelle
                                                              United States Bankruptcy Judge